## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

ENOBAHKARE PETERSON,

    Defendant.

CRIMINAL ACTION FILE

NO. 1:21-cr-223-TCB

## O R D E R

This case comes before the Court on review of Magistrate Judge Walker's Report and Recommendation ("R&R") [92], which recommends dismissing pro se Defendant Enobahkare Peterson's 28 U.S.C. § 2255 motion as time-barred. No objections have been filed. The Court will also consider Peterson's motion [81] to appoint counsel and his motion [90] for a sentence reduction under 18 U.S.C. § 3582.

In January 2017, Peterson pled guilty to a criminal information charging him with theft of over $4 million in government funds. On May 15, 2017, he was sentenced to twenty-eight months' imprisonment. Upon release from prison, Peterson engaged in a scheme to defraud

federal agencies and federally insured banks by submitting numerous fraudulent COVID-19 relief loans. On November 28, 2022, he was sentenced on the COVID-19 fraud indictment to 51 months as to the wire fraud count and 24 months as to the aggravated identity theft count, to run consecutively.

He has now filed multiple motions seeking post-conviction relief.

## I.    28 U.S.C. § 2255 Motion

On February 19, 2025, Judge Walker issued an R&R, recommending that Peterson's § 2255 motion be dismissed as time-barred, that his motion to grant his § 2255 motion be denied, and that he be denied a certificate of appealability ("COA"). Peterson did not file objections.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982) (en banc)). This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is

made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam).[1]

After conducting a complete and careful review of the R&R, the district judge may accept, reject, or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

The Court has conducted a careful and complete review of the R&R and finds no clear error in its factual or legal conclusions. Accordingly, the Court adopts as its Order the R&R [92]. Peterson's

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This standard of review differs from appellate review where findings of fact and conclusions of law are analyzed under different standards. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

§ 2255 motion is time-barred because it was filed nearly two years after his conviction became final, and he has failed to allege any extraordinary circumstances that would excuse his late filing. The denial of his motion is not debatable, so a COA will not be issued.

## II.    Motion to Appoint Counsel

On November 7, 2024, Peterson filed a motion [81] to appoint counsel, seeking guidance as to whether he qualifies for post-judgment relief in any form.

The Court may appoint an attorney to represent indigent litigants in civil cases, but "[a]ppointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citations omitted). Determining whether exceptional circumstances exist rests in the sound discretion of the district court. *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996).

Peterson has not shown that any exceptional circumstances warrant the appointment of counsel. Accordingly, his motion [81] to appoint counsel will be denied.

### III.   18 U.S.C. § 3582 Motion

On February 18, 2025, Peterson filed a second motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines §2B1.1. He contends that the Court misapplied the loss amount, using an intended loss amount of $3.5 million rather than the actual loss amount of $200,000. On September 18, 2023, Peterson filed his first § 3582 motion in which he argued, among other things, that the Court erred by considering the intended loss rather than the actual loss.

The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A). To bring a motion, a defendant must fully exhaust all administrative rights to appeal a failure of the BOP to bring a motion

on his behalf, or thirty days must have elapsed from receipt of such a

request by the warden of the defendant's facility, whichever is earlier.

*Id.*

When the exhaustion requirement is satisfied, a district court may

reduce a sentence only if a defendant shows that (1) "extraordinary and

compelling reasons" warrant a reduction in sentence, and (2) "a

reduction is consistent with applicable policy statements issued by the

Sentencing Commission." *Id.* Section 1B1.13 of the sentencing

guidelines provides the applicable policy statement, explaining that a

sentence reduction may be ordered when a court determines, upon

consideration of the factors set forth in 18 U.S.C. § 3553(a), that

"extraordinary and compelling reasons" exist, and the defendant does

not present a danger to the safety of any other person or the

community. U.S.S.G. §1B1.13.

It is Peterson's burden to show that compassionate release is

warranted. *See, e.g.*, *United States v. Rodriguez-Orejuela*, 457 F. Supp.

3d 1275, 1282 (S.D. Fla 2020) ("In seeking a reduced sentence under

this framework, the defendant 'bears the burden of establishing that

compassionate release is warranted.'" (quoting *United States v.*

*Heromin*, No. 8:11-cr-550, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019))).

Peterson's motion [90] is due to be denied for two reasons. First, it is unclear whether Peterson has satisfied the exhaustion requirement. Second, the Court has already addressed—and rejected—Peterson's argument that his sentence is unusually long because the Court considered the intended loss rather than the actual loss in calculating the appropriate offense level. *See* [69] at 6 (The undersigned "invariably overruled" Peterson's argument as to the loss amount.).

## IV.   Conclusion

For the foregoing reasons, the R&R [92] is adopted as the Court's Order. Peterson's § 2255 motion [83], motion [88] to grant his § 2255 motion, motion [81] to appoint counsel, and § 3582 motion [90] are all DENIED. The Clerk is directed to terminate the associated civil action number 1:24-cv-5449 as well.

IT IS SO ORDERED this 20th day of May, 2025.

Timothy C. Batten, Sr.
Chief United States District Judge